**FILED**

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0202

DA 13-0202

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 46N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

PATRICK JAMES MARTINEAU,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,

                 In and For the County of Missoula, Cause No. DC 11-531

                 Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

             Wade Zolynski, Chief Appellate Defender; Jacob Q. Johnson, Assistant

Appellate Defender; Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General; Helena, Montana

Kirsten H. Pabst, Missoula County Attorney; Suzy Boylan, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs: January 14, 2015

Decided: February 17, 2015

Filed:

_____
Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Martineau appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, adjudging him guilty of incest. He challenges the denial of his motion to introduce evidence of a subsequent sexual abuse suffered by the victim of his crime as an explanation for her sexualized behavior. We affirm.

¶3 Martineau gained custody of his daughter, C.A.B., who lived with him for about a year before being removed from his care by Child and Family Services. Following C.A.B.'s removal, Martineau cooperated with CFS and again regained custody of C.A.B. only to have her again removed from his care. C.A.B. was placed in foster care with a family who had previously adopted her younger sister and Martineau subsequently relinquished his parental rights. While placed with her foster family, C.A.B. began to exhibit troubling sexualized behavior. When prompted, C.A.B. told her foster mother that her father had taught her the behavior.

¶4     C.A.B. was placed at the Intermountain Children's Home in Helena, Montana, for treatment, where she disclosed to a social worker that her father had sexually abused her. C.A.B. was subsequently interviewed by a family nurse practitioner with First Step Resource Center, once more discussing the sexual abuse.  On November 21, 2011, Martineau was charged with one count of Incest under § 45-5-507, MCA, in which it was alleged that Martineau had sexually assaulted C.A.B. during the years she was between three and eight years of age.  After a two-day jury trial, Martineau was found guilty and sentenced to 50 years in prison, with 20 years suspended.

¶5     Three days prior to trial, Martineau filed a Request for Hearing regarding possible exculpatory evidence that had recently been discovered.  Specifically, it had been learned that C.A.B. had been sexually assaulted by a foster brother after being removed from Martineau's care.  Martineau argued the evidence should be admitted to show a possible alternative cause of C.A.B.'s sexualized behavior.  The District Court denied the motion, citing § 45-5-511(2), MCA, the Rape Shield Statute, which provides that evidence concerning a victim's sexual conduct is inadmissible in prosecutions unless it involves the victim's past sexual conduct with the offender or is offered to show the origin of semen, pregnancy, or disease at issue in the prosecution.

¶6     We review a district court's evidentiary rulings under the Rape Shield Statute for manifest abuse of discretion.  *State v. Stuit*, 268 Mont. 176, 183, 885 P.2d 1290, 1295

3

(1994). A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Stock*, 2011 MT 131, ¶ 17, 361 Mont. 1, 256 P.3d 889. Martineau argues that the District Court, in denying his motion, failed to balance the Rape Shield Statute with his constitutional right to defend. He argues that exclusion of the evidence prevented him from offering a complete defense and, because the State focused on C.A.B.'s sexualized behavior during trial as possibly consistent with past sexual abuse, the jury was forced to conclude that the only explanation for the behavior was a sexual assault perpetrated by Martineau. Martineau did not object to the manner in which the State used evidence of C.A.B.'s sexualized behavior, but maintains he should have been able to counter that evidence with evidence of the subsequent sexual assault.

¶7 The State argues we should decline to address this argument, as Martineau failed to raise the issue at trial, where he instead asserted that the evidence was admissible as "reverse 404(b) evidence." The State further offers that exclusionary rules such as the Rape Shield Statute do not abridge a defendant's right to present a defense so long as the rules "are not arbitrary or disproportionate to their purpose," citing *State v. Patterson*, 2012 MT 282, ¶ 19, 367 Mont. 186, 291 P.3d 556. Finally, the State argues that Martineau misstates the role C.A.B.'s sexualized behavior played in the

prosecution, as it was used only as a limited part of an overall narrative, culminating in C.A.B.'s disclosures of the sexual abuse.

¶8 In denying Martineau's motion, the District Court concluded the evidence of the subsequent sexual assault was inadmissible as failing to satisfy either of the exceptions provided in § 45-5-511(2), MCA. Additionally, the lower court cited three of our previous decisions in which analogous evidence was found to be properly excluded under the Rape Shield Statute.[1]

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is one of judicial discretion and there clearly was not a manifest abuse of discretion.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON

---

[1] *State v. Kao*, 245 Mont. 263, 800 P.2d 714 (1990); *Stuit*, 268 Mont. 176, 885 P.2d 1290; *State v. Rhyne*, 253 Mont. 513, 833 P.2d 1112 (1992).

/S/ BETH BAKER

/S/ PATRICIA COTTER